UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONNELL CREPPEL, ET AL.                    CIVIL ACTION

VERSUS

REBEKAH GEE, ET AL.                        No. 19-00324-BAJ-RLB

## ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is a **Joint Motion for Preliminary Approval of Class Settlement and to Set Fairness Hearing (Doc. 24)**. The parties advise the Court that they have agreed to settle the above-captioned lawsuit. The terms and conditions of the settlement are set forth in a proposed Settlement Agreement dated October 18, 2019 (Doc. 24-2). Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

Upon reviewing the Settlement Agreement, it is **ORDERED** that the **Joint Motion (Doc. 24) is GRANTED.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

**Jurisdiction.** The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action.

**Class Findings.** The Court preliminarily finds, for the sole purpose of settlement, that the requirements of Federal Rule of Civil Procedure 23 have been met as to the Settlement Class, in that:

The Class Members are so numerous that joinder of all of them in the lawsuit is impracticable. *See Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999) ("100 to 150 members . . . is within the range that generally satisfies the numerosity requirement.").

There are questions of law and fact common to the Class Members. *See McWilliams v. Advanced Recovery Sys., Inc.*, 310 F.R.D. 337, 340 (S.D. Miss. 2015); *Walker v. Greenspoon Marder, P.A.*, No. 13-CV-14487, 2015 WL 233472, at *3 (S.D. Fla. Jan. 5, 2015) ("By definition, the class contains only individuals who share a common question of law, i.e., whether the 'Notice[s] identical to that attached to Plaintiffs' Complaint' violate the FDCPA. Each class member's claim will rise or fall with the resolution of that common contention.") (alteration in original and internal record citation omitted).

The claims of Named Plaintiffs are typical of the claims of the Class Members. *See Castro v. Collecto, Inc.*, 256 F.R.D. 534, 542 (W.D. Tex. 2009) ("Plaintiff has sufficiently narrowed the class definition by limiting the class to include individuals to whom Defendants mailed the letter Plaintiff received.").

Named Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members. *See McWilliams*, 310 F.R.D. at 340 ("Ms. McWilliams's attorneys—Greenwald Davidson Radbil PLLC—have been appointed as class counsel in more than a dozen consumer protection class actions in the past two years.").

continue to represent fairly and adequately the interests of the Settlement Class. Accordingly, pursuant to Federal Rule of Civil Procedure 23(g)(2), the Court preliminarily designates Amitai Heller and Jane Perkins as Class Counsel with respect to the Settlement Class in this action.

The Court having determined preliminarily that this action may proceed as a non-opt-out class action under Federal Rules of Civil Procedure 23(a) and 23(b)(1), members of the Settlement Class shall be bound by any judgment concerning the Settlement in this action, subject to the Court's final determination as to whether this action may proceed as a non-opt-out class action.

**Preliminary Approval of Settlement.** The Court preliminarily finds that the settlement of the lawsuit, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of (i) the parties' arm's-length settlement negotiations; (ii) the lack of evidence that the settlement was obtained by fraud or collusion; (iii) the complexity, expense, and likely duration of the litigation; (iv) the stage of the proceedings and discovery completed to support the proposed settlement; and (v) the opinion of competent counsel supporting the settlement.

**Fairness Hearing.** A Fairness Hearing on the settlement proposed in the Settlement Agreement shall be held before the Court on March 19, 2020 at 2:00 PM to determine whether the proposed settlement of the action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should receive final approval by the Court.

**Class Notice.** The form and content of the Short Notice and the Long Notice attached as Doc. 24-3 and Doc. 24-4, respectively, to the Joint Motion for Preliminary Approval of Class Settlement and to Set Fairness Hearing, are hereby approved, as fair and reasonable and providing all information necessary to inform putative Class Members.

The Court finds that the form and method set forth in this order fairly and adequately: (1) describes the terms and effect of the Settlement Agreement and the Settlement; (2) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (3) describes how recipients of the Class Notice may object to approval of the Settlement.

**Objections to Settlement.** Any Class Member who objects to any of the terms of the Settlement Agreement and the settlement set forth therein must mail, to the address and in the manner set forth in the Long Notice, a concise written statement describing the specific reason(s) for his or her objections at least thirty (30) calendar days prior to the Fairness Hearing.

Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

**Appearance at Fairness Hearing.** Any person filing an objection or his or her attorney, hired at the objector's own expense, may appear and speak at the

fairness hearing if a notice of intent to appear is also included with his or her objection.

If a witness is not identified in the concise written statement of objections, such witness shall not be permitted to object or appear at the fairness hearing.

**Injunction.** The Plaintiffs and all members of the Settlement Class shall be preliminarily enjoined and barred from commencing or prosecuting any action asserting any of the claims that will be released in the Settlement Agreement, pending the final determination of whether the settlement proposed in the Settlement Agreement should be approved.

**Termination of Settlement.** If the Settlement Agreement is not finally approved, is terminated, or fails to be implemented for any reason, the settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties, and all orders issued pursuant to the settlement shall become null and void.

**Use of Order.** In the event this Order becomes of no force or effect, no part of it shall constitute, be construed, or be used as 1) an admission, concession, or declaration by or against any Defendants of any fault, wrongdoing, breach, or liability; 2) a waiver by any party of any defenses or claims he, she, or it may have; or 3) an admission by any Released Party that the Class Action or any other proposed class action can be or is properly certified for trial or litigation purposes under Rule 23 of the Federal Rules of Civil Procedure or any similar statute or rule.

**Jurisdiction.** The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

Baton Rouge, Louisiana, this 9th day of January, 2020.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA